UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIANE F. AMES,

                                 Plaintiff,

                                                                                     Case # 16-CV-316-FPG

v.

                                                                                      DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,
                                 Defendant.
_____

      Diane F. Ames ("Ames" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 7. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On December 17, 2012, Ames applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 56, 153. She alleged that she had been disabled since January 1, 2010 due to a spinal impairment, carpel tunnel syndrome, small intestinal bacteria overgrowth ("SIBO"), depression, anxiety, and obsessive compulsive disorder ("OCD"). Tr. 153, 157. On August 21, 2014, a hearing was held before Administrative Law Judge Timothy M. McGuan ("the ALJ"), in

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

which Ames and a vocational expert ("VE") appeared and testified. Tr. 25-55. On January 8, 2015, the ALJ issued a decision finding that Ames was not disabled within the meaning of the Act. Tr. 11-20. That decision became the Commissioner's final decision when the Appeals Council denied Ames's request for review on March 21, 2016. Tr. 1-4. Thereafter, Ames commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.   Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

### I.  The ALJ's Decision

The ALJ's decision analyzed Ames's claim for benefits under the process described above. At step one, the ALJ found that Ames had not engaged in substantial gainful activity since January 1, 2010, her alleged onset date, through June 30, 2010, her date last insured. Tr. 13. At step two, the ALJ found that Ames has the severe impairments of OCD and major depressive disorder. Tr. 13-14. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 14-15.

Next, the ALJ determined that Ames retained the RFC to perform the full range of work at all exertional levels but with non-exertional limitations. Tr. 15-18. Specifically, the ALJ found that Ames can only occasionally interact with the public, and understand, remember, and carry out complex and detailed tasks. Tr. 15.

At step four, the ALJ relied on the VE's testimony found that this RFC prevents Ames from performing her past relevant work. Tr. 18. At step five, the ALJ relied on the VE's testimony and found that Ames can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 19-20. Specifically, the VE testified that Ames could work as a mail room clerk and assembler. *Id.* Accordingly, the ALJ concluded that Ames was not "disabled" under the Act. Tr. 20.

### II.  Analysis

Ames argues that remand is required because the ALJ erred at step two by finding that her SIBO, gastroesophageal reflux disease ("GERD"), and irritable bowel syndrome ("IBS")

were nonsevere impairments.[3]  ECF No. 6-1, at 11-12.  The Commissioner maintains that the ALJ's step two determination is supported by substantial evidence.  ECF No. 7-1, at 17-20.  Alternatively, the Commissioner argues that even if the ALJ erred in finding those impairments to be nonsevere, that error was harmless because the ALJ found other severe impairments and therefore continued the disability analysis.  *Id.* at 20.

At step two of the disability analysis, the ALJ considers the medical severity of the claimant's impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  A "severe impairment" is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 404.1521.  "Basic work activities" are "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. § 404.1521(b).  It is the claimant's burden to present evidence that establishes the severity of his or her impairment.  20 C.F.R. § 404.1512(c).  The claimant must demonstrate "that the impairment has caused functional limitations that precluded him [or her] from engaging in any substantial gainful activity for one year or more."  *Perez v. Astrue*, 907 F. Supp. 2d 266, 272 (N.D.N.Y. 2012) (citing *Meadors v. Astrue*, 370 F. App'x 179, 182 (2d Cir. 2010) and *Rivera v. Harris*, 623 F.2d 212, 215 (2d Cir. 1980)).  A finding of not severe should be made if the medical evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work.  *Perez*, 907 F. Supp. 2d at 271; S.S.R. 85-28, 1985 WL 56858, at *3 (S.S.A. Jan. 1, 1985).

Even if an impairment is nonsevere, the SSA's regulations require the ALJ to consider those impairments when assessing the claimant's RFC.  *See* 20 C.F.R. § 404.1545(a)(2).  Remand is required when the ALJ fails to account for the claimant's nonsevere impairments

---

[3]   Ames advances another argument that she believes requires reversal of the Commissioner's decision.  ECF No. 6-1, at 9-11.  However, because this Court disposes of this matter based on the ALJ's failure to consider Ames's nonsevere impairments in the RFC analysis, that argument need not be reached.

when determining his or her RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order).

Here, the ALJ concluded at step two that Ames's gastrointestinal impairments were nonsevere because they "did not cause more than minimal limitations during the time period at issue." Tr. 13. The ALJ then summarized evidence indicating that, although Ames was certainly diagnosed with and treated for these gastrointestinal impairments, those impairments did not limit her ability to do basic work activities. Tr. 13-14; 20 C.F.R. §§ 404.1520(c), 404.1521. The ALJ explained, for example, that a February 5, 2010 treatment note indicated that Ames's symptoms had steadily improved and that she experienced only mild abdominal cramping and occasional gas and bloating. Tr. 13 (citing Tr. 287). The ALJ also cited a March 12, 2010 treatment record that indicated that Ames's SIBO had been eradicated. Tr. 14 (citing Tr. 278). Finally, the ALJ noted that on September 1, 2010, Ames reported that medication improved her gas, bloating, diarrhea, and GERD, and that she was "doing well" with regard to her SIBO. Tr. 14 (citing Tr. 275-76).

Based on the above, the ALJ concluded that Ames's gastrointestinal impairments were nonsevere because she experienced "only mild or occasional abdominal cramping, gas, and bloating, with a good response to medications" and they did not "cause more than minimal limitations in [her] functioning." Tr. 14. In light of the ALJ's discussion of Ames's gastrointestinal issues at step two and the medical evidence of record, this Court finds that the ALJ did not err when he found those impairments to be nonsevere.

Despite this finding, however, remand is still required because the ALJ failed to account for Ames's gastrointestinal impairments when determining her RFC. *Parker-Grose*, 462 F. App'x at 18. The RFC determination must account for limitations imposed by *both* severe and

6

nonsevere impairments. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your [RFC]."). Here, the ALJ's RFC analysis fails to mention Ames's GERD or IBS and it makes only a passing reference to her SIBO. Tr. 15-18. The RFC determination contains no limitations related to Ames's gastrointestinal impairments, despite evidence in the record that such impairments could interfere with work activities on a regular and continuing basis. *See, e.g.*, Tr. 257 ("She finds the fluctuating stool consistency, urgency and intestinal gas and bloating very difficult to work full-time given the multiple interruptions."); 20 C.F.R. § 404.1545(a). Accordingly, the ALJ committed legal error and remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 5, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court